IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

FILED
RICHARD W. NAGEL
CLERK OF COURT
21 AUG 23 PM 3: 19
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

CLINTON STRANGE,

*Plaintiff*

v.

Ryan D. Watstein, Esq.;

RDW 1984 VENTURES, INCORPORATED;

Matthew A. Keilson, Esq.;

XYZ INSURANCE COMPANY;

UVW INSURANCE COMPANY;

&

KABAT CHAPMAN & OZMER LLP,

*Defendants*

1:21CV541


J. BLACK


M.J. LITKOVITZ

## CIVIL ACTION COMPLAINT FOR DAMAGES & INCORPORATED PETITION FOR BOTH DECLARATORY & PRELIMINARY INJUNCTIVE RELIEF

### PRELIMINARY STATEMENTS:

1. The Plaintiff Clinton Strange ("PLAINTIFF"), appearing *pro se*, brings this action against Defendants identified below for money damages and other relief identified herein as they (Defendants) have caused and will continue to cause Plaintiff real and actual harm based on a Motion supported by a sham affidavit they brought in *Lindenbaum v. Realgy, Inc. et al.* pending before the 6th US Cir. sitting in Cincinnati, Ohio.

### JURISDICTION & VENUE:

2. **Federal Question Jurisdiction** arises in this U.S. District Court because the case in controversy arises because of a Motion (and accompanying sham affidavit) filed with the Sixth U.S. Circuit Court of Appeals sitting in the Southern District of Ohio via a U.S.

Government Electronic Court Filing / Court Monitoring service called "pacer.gov" and oft referred to as ECF/CM pursuant to 28 U.S. Code § 1331.

3. **Diversity Jurisdiction** would be properly applied in this action under Ohio State Law Claims because the parties are completely diverse residents of different states, and the claims in controversy exceed $75,000.00 (U.S. Dollars) pursuant to 28 U.S. Code § 1332.

4. **Venue** lies proper in this U.S. District because the Sixth U.S. Circuit Court of Appeals is in Cincinnati, OH where the Motion and supporting sham affidavit was filed, and the Plaintiff's Claims in Chief in one of the actions (in this U.S. District) is stayed pending the outcome of *Lindenbaum* ([i]n which the Motion and supporting sham affidavit concerned) is pending before the U.S. District Court for the Southern District of Ohio pursuant to 28 U.S. Code § 1391.

## THE PARTIES:

5. **Plaintiff CLINTON STRANGE** is a total and permanent service-connected U.S. Veteran adult individual, and a "person" as that term is defined pursuant to 47 U.S.C. 153(39) residing at the address of:

> CLINTON STRANGE
> 7021 WINBURN DRIVE
> GREENWOOD, LA 71033

6. **Defendant Ryan D. Watstein, Esq.** is a managing partner of KABAT CHAPMAN & OZMER LLP. This Defendant is a resident of Fulton County, GA and can be served at the address of:

> RYAN D. WATSTEIN
> 171 17TH STREET NORTH WEST
> SUITE 1550
> ATLANTA, GA 30363

7. **Defendant Matthew A. Keilson, Esq.** is a partner of KABAT CHAPMAN & OZMER LLP. This Defendant is a resident of Fulton County, GA and can be served at the address of:

> MATTHEW A. KEILSON
> 171 17TH STREET NORTH WEST
> SUITE 1550
> ATLANTA, GA 30363

8. **Defendant XYZ INSURANCE COMPANY** is a legal malpractice insurance carrier for above and below named Defendants whose true identity is unknown at this time to the Plaintiff that bears liability for the Counts and Causes of Action cited throughout and herein between August 2020 and the date of this action's filing.

9. **Defendant UVW INSURANCE COMPANY** is an excess liability insurance carrier for above and below named Defendants whose true identity is unknown at this time to the Plaintiff that bears liability for the Counts and Causes of Action cited throughout and herein between August 2020 and the date of this action's filing.

10. **Defendant RDW 1984 VENTURES, INCORPORATED** is a Georgia Profit Corporation based in Atlanta Georgia that currently and has since at least August 2020 has represented non-party Realgy, LLC. According to the Georgia Secretary of State this Defendant can be served at the address of:

> RYAN D. WATSTEIN
> c/o: RDW 1984 VENTURES, INCORPORATED
> 171 17TH STREET NORTH WEST
> SUITE 1500
> ATLANTA, GA 30363

11. **Defendant KABAT CHAPMAN & OZMER LLP** is a Georgia Limited Liability Partnership based in Atlanta Georgia that currently and has since at least August 2020 has

represented non-party Realgy, LLC. According to the State Bar of Georgia, this Defendant can be served at the address of:

RYAN D. WATSTEIN
c/o: KABAT CHAPMAN & OZMER LLP
171 17TH STREET NORTH WEST
SUITE 1550
ATLANTA, GA 30363

**THE FACTUAL ALLEGATIONS:**

<u>The Underlying Actions</u>

12. Ryan D. Watstein, Esq. is the Managing partner of KABAT CHAPMAN & OZMER LLP and lead counsel in the appeal for Appellees in *Lindenbaum v. Realgy, LLC, et al.* before the Sixth U.S. Circuit Court of Appeals that sits in Cincinnati, OH. That action has been through the [sic] oral arguments phase and has been submitted for consideration [by the 6th Cir. Panel]. This Defendant is a resident of Fulton County, Georgia, and according to a below affidavit filed by Ryan D. Watstein did discuss and knowingly conspire [with the other Defendants] to make material mis-representations to the Sixth U.S. Circuit Court of Appeals and did defame the character and conduct of a duly empaneled Judge on that Court in a Court filing dated August 17, 2021 [See Exhibit A].

13. Ryan D. Watstein, Esq. is the CEO, CFO and Treasurer of RDW 1984 VENTURES, INCORPORATED, which is alleged [by Plaintiff]. To have a majority stake in the outcome of litigation in the *Lindenbaum* Appeal.

14. Matthew A. Keilson, Esq. is a partner of KABAT CHAPMAN & OZMER LLP. This Defendant is a resident of Fulton County, Georgia, and according to the Ryan Watstein affidavit filed by Ryan D. Watstein [they] Matthew Keilson and Ryan Watstein did discuss and knowingly conspire [with the other Defendants] to make material mis-

representations to the Sixth U.S. Circuit Court of Appeals and did defame the character and conduct of a duly empaneled Judge on that Court in a Court filing dated August 17, 2020.

### The Plaintiff's Underlying Actions

15. The Plaintiff is a *pauper* or alternatively nearly about one in not less than three (3) alive civil actions pending before lower U.S. District Courts in the footprint of the Sixth U.S. Circuit Court of Appeals. Those cases and a brief description / disposition are as below:

- *Strange v. Shri Hari GoMarketin LLC* No. 2:19-cv-05064-ALM-EPD (S.D. Oh.) – Telemarketing case where Plaintiff alleges that Defendant claimed to be Google offered services through illegal autodialed spoofed caller id calls – Plaintiff [complaint] survived summary judgment stage and is ripe for trial - Stayed pending outcome in *Lindenbaum* [See ECF No. 17] (Stayed Aug 12, 2021).
- *Strange v. Davis* No. 2:19-cv-02494-MSN-ATC (W.D. Tenn.) - Telemarketing case where Plaintiff alleges that Defendant placed hundreds of autodialed calls & offered [limited benefit] healthcare insurance policies services through illegal autodialed spoofed caller id calls w/ prerecorded voice messages– Plaintiff's [complaint] is scheduled for a Damages Evidentiary Hearing in Memphis, TN on Aug. 25, 2021 [See ECF No. 18].
- *Strange v. Text Ripple, Inc* No. 2:19-cv-10607-VAR-CI (E. D. Mi.) – Plaintiff alleged he received at least 3 autodialed text messages to a DNC registered cellphone from a Doe entity utilizing Defendant's platform peddling Smoothies. – Uncertain Disposition – (Named Defendant Platform Provider) Defendant Defaulted under Rule 55(a), and Court requires response [See ECF No. 29].

### What the Defendants are Alleged to Have Done Wrong

16. In addition to the over $800,000 in Federally backed Loans the Defendants and non-parties took out through the CARES Act administered by and through U.S. Small Business Administration approved FDIC approved Loan Providers (1) Kabat Chapman & Ozmer LLP is a limited liability partnership located at 171 17th Street Nw in Atlanta, Georgia that received a Coronavirus-related PPP loan from the SBA of $433,183.00 and (2) Realgy, LLC is a limited liability company (LLC) located at 675 Oakwood Ave in West Hartford, Connecticut that received a Coronavirus-related PPP loan from the SBA of $390,549.00. This action is not about that. That action has to be brought by a barred

attorney/s in Georgia and or Connecticut attorney on behalf of the United States under the False Claims Act.

17. The Plaintiff *specifically alleges* that the Defendants named herein conspired on or before August 17, 2021 to produce a sham affidavit that was filed into the *Lindenbaum* Appeal Docket on August 17, 2021.

18. Plaintiff alleges that the Defendant's *Lindenbaum* Motion and supporting sham affidavit was knowingly false and out-of-time and that all the Defendants conspired to file[i]t despite their knowledge of Judge Strach's possible engagements far back as August 2020, and certainly (as to Defendant Ryan D Watstein, Esq. in November 2020)

<u>Why the Defendants are Liable to Plaintiff for Money Damages</u>

19. Defendants [and their insurance indemnifiers] are presumed to be highly trained professional litigants. Laypersons & Consumers and the Federal Courts alike are bound to [dicta] and or assume & presume that persons like the Defendants herein will be truthful and not make false and misleading statements under oath or otherwise in a bid for unjust advantage over another party.

20. Defendants knew and or reasonably should have known that the underlying appeal is worth 10's-of-Billions of U.S. Dollars, and that the Sixths Circuits' Decision in this 'bellwether' case is persuasive over all 12 of the U.S. Circuits in the whole United States – and further that over the 12 U.S. Circuits the outcome could potentially be ***Trillions*** of U.S. Dollars in the balance!

21. Defendants -with the possession of this knowledge as referenced herein- owed to the Consumers of the United States and the United States Judiciary System a special and enhanced duty of care and willfully failed or negligently failed America, its flag, its

populace, and even greater- its Constitution which in Georgia they swore an oath to protect and abide by.

22. Defendants knew or reasonably should have known that their actions [seemingly willfully carried out] would result in significant harm to Plaintiff's who are similarly situated to *Lindenbaum*, who likewise claim to have received illegal autodialed call on a cellphone between January 1, 2015 to July 6, 2020. Defendants harmed Plaintiff.

### Why the Plaintiff has Article III Standing to Bring the Action

23. The Telephone Consumer Protection Act of 1991 ("TCPA") was an Amendment to the Federal Communications Act of 1934. These days, the U.S. Federal ~~Trade~~ Communication Commission has authority to enforce actions brought under subsections (b) & (e) of the Act [autodialed calls and the Truth in Caller ID Act). This Act contained a severability clause. In 2015 the Congress enacted an unconstitutional exclusion clause in the Bipartisan Budget Act of 2015.

24. In the year of our Lord 1887, the U.S.Congress enacted an Act Regulating Trade and Commerce. Later, the U.S. Congress implemented the Commodities Clause. Like unto the Act Regulating Trade and Commerce ((which later was borne our U.S. Federal Trade Commission that enforces subsections c,d,and e) of the TCPA)) there was a severability clause. "As the court below held the statute wholly void for repugnancy to the Constitution, it follows from the views which we have expressed that the judgments and the decrees entered below must be reversed. As, however, it was conceded in the discussion at bar that in view of the public and private interests which were concerned, the United States did not seek to enforce the penalties of the statute, but commenced these proceedings with the object and purpose of settling the differences between it and

the defendants, concerning the meaning of the commodities clause and the power of Congress to enact it as correctly interpreted, and upon this view the proceedings were heard below by submission upon the pleadings, we are of opinion that the ends of justice will be subserved, not by reversing and remanding with particular directions as to each of the defendants, but by reversing and remanding with directions for such further proceedings as may be necessary to apply and enforce the statute as we have interpreted it". *United States v. Delaware & Hudson Co.*, 213 U.S. 366, …that Congress may in the exercise of the powers to regulate commerce among the States, discriminate between commodities and between carriers engaged in such commerce… And it was said that the assertion that "injustice and favoritism" might "be operated thereby," could "have no weight in passing upon the question of power." In the case at bar we are dealing with an exercise of the police power, one of the most essential of powers, at times the most insistent, and always one of the least limitable of the powers of government. 213 U.S. 366, 418-419 (1909).

25. So, over 112 years ago the Supreme Court of the United States in the above cited case stated that when a[n] [unconstitutional] clause (repugnant to the U.S. Constitution) is later inserted into an act affecting trade and commerce, and that act like The Federal Communications Act of 1934 then the [c]lause is later vetoed or invalidated by the United States Supreme Court then the best remedy is to sever the unconstitutional clause and leave the remainder intact. That is what the Supreme Court did 112 years ago. It remains good (and binding) case law. It is exactly what the United States Supreme Court intended in *United States v. Delaware & Hudson Co.*, and that likely is what the 6th US Circuit will do in the coming weeks and or months.

26. Defendants in this action however have (or sought and conspired to) derail dozens – if not hundreds- of civil actions brought to enforce the TCPA's autodialed call restrictions and prohibitions. Including at least 3 of the Plaintiff's alive actions, and some waiting to be filed pending the outcome of the *Lindenbaum* Appeal.

27. Defendants knew or reasonably should have known that their actions would cognizably harm the Plaintiff. Their actions have and will continue to harm the Plaintiff.

28. At all times relevant to the Plaintiff's claims under the TCPA's autodialed call restriction they were and remain a a violation of the Plaintiff's Constitutionally guaranteed right to privacy, seclusion and solitude. To be constitutional, a prior restraint must be content-neutral, narrowly tailored to serve a significant governmental interest, and leave open ample alternatives for communication. See *Forsyth Cty. v. Nationalist Movement*, 505 U.S. 123, 130, 112 S.Ct. 2395, 120 L.Ed.2d 101 (1992). It must also not delegate overly broad licensing discretion to official decision-makers: "[i]f the permit scheme involves appraisal of facts, the exercise of judgment, and the formation of an opinion by the licensing authority, the danger of censorship and of abridgment of our precious First Amendment freedoms is too great to be permitted." Id. at 131, 112 S.Ct. 2395 (internal quotation marks and citations omitted). Furthermore, the "decision whether or not to grant" a permit "must be made within a specified, brief period, and the status quo must be preserved pending a final judicial determination on the merits." *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville*, 274 F.3d 377, 400 (6th Cir. 2001) (discussing *Freedman v. Maryland*, 380 U.S. 51, 57-59, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965)) (citations and internal quotation marks omitted).

## PLAINTIFF'S ATTEMPTS TO MITIGATE DAMAGES & HARM:

29. Plaintiff emailed counsel at (about or around) 9:15pm CST on August 18, 2021 demanding that they withdraw their motion to the Sixth US Circuit Court of Appeals in the *Lindenbaum* action, file an apology (to the 6th Cir.), and lastly amend their sham affidavit that supported said motion (to reflect the same as above). Plaintiff has received no response. Defendants have not responded.

## THE COUNTS & CAUSES OF ACTION:
### COUNT I:
### Tortious Interference with Prospective Contracts Under Georgia Law
### (Plaintiff v. All Defendants)

30. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

31. At all times relevant hereto Defendants conspired with one another in the State of Georgia to derail Plaintiff's actions to bring actions and recover damages and alternatively to enter into settlement agreements to amicably resolve claims related to the TCPA's autodialed call restrictions by negligently and or willfully and knowingly filing a Motion supported by a sham affidavit composed in the State of Georgia.

### COUNT II:
### Tortious Interference with Prospective Contracts Under Ohio Law
### (Plaintiff v. All Defendants)

32. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

33. At all times relevant hereto Defendants conspired with one another to derail Plaintiff's actions in the footprint of the Sixth US Cir. Court of Appeals which sits in Cincinnati,

Ohio to bring actions and recover damages and alternatively to enter into settlement agreements to amicably resolve claims related to the TCPA's autodialed call restrictions by negligently and or willfully and knowingly filing a Motion supported by a sham affidavit into the 6th Cir.'s ECM/CF filing system directed toward Ohio.

## COUNT III:
### Negligent Infliction of Emotional Distress Under Ohio Law
### (Plaintiff v. All Defendants)

34. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

35. The Plaintiff cannot, and therefore does not allege, Intentional Infliction of Emotional Distress,; but Plaintiff does allege Negligent Infliction of Emotional Distress because any layperson would view the Motion and supporting sham affidavit and exclaim "OUTRAGEOUS". Because the *Lindenbaum* Motion and the supporting were just that – "outrageous". The Defendants knew they would cause harm to numerous persons – including Plaintiff. They went on and filed it anyway despite their collective knowledge of the falsity therein.

## COUNT IV:
### Unfair & Deceptive Trade Practices Under Georgia Law
### (Plaintiff v. All Defendants)

36. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

37. At all times relevant hereto Defendants conspired with one another in the State of Georgia to derail Plaintiff's actions to bring actions and recover damages and alternatively to enter into settlement agreements to amicably resolve claims related to the

TCPA's autodialed call restrictions by negligently and or willfully and knowingly filing a Motion supported by a sham affidavit composed in the State of Georgia.

38. These actions as outlined above constituted unfair trade practices under Georgia Law.

## COUNT V:
### Unfair & Deceptive Trade Practices Toward the Elderly Act of 1985
### Under Georgia Law
### (Plaintiff v. All Defendants)

39. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

40. At all times relevant hereto Defendants conspired with one another in the State of Georgia to derail Plaintiff's actions to bring actions and recover damages and alternatively to enter into settlement agreements to amicably resolve claims related to the TCPA's autodialed call restrictions by negligently and or willfully and knowingly filing a Motion supported by a sham affidavit composed in the State of Georgia.

41. These actions as outlined above constituted unfair trade practices under Georgia Law.

42. Georgia is an Eggshell Plaintiff State. Defendants take the Plaintiffs as they find them.

43. Defendants knew or reasonably should have known that their conspired actions would harm at least a small percentage of disabled and or elderly consumers covered under the Georgia Unfair & Deceptive Trade Practices Toward the Elderly Act of 1985.

## COUNT VI:
### Claim For Declaratory Relief
### (Plaintiff v. All Defendants)

44. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

45. Plaintiff seeks a remedy for declaratory relief from the Court:

- Declaring that Defendants' Conduct as cited herein was unlawful.

## COUNT VII:

### Claim For Injunctive Relief

### (Plaintiff v. All Defendants)

46. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

47. Plaintiff seeks a remedy for preliminary injunctive relief from the Court:

- Declaring that Defendants' Conduct as cited herein was unlawful and issuing a preliminary injunctive order enjoining Defendants from future misconduct and ordering that they withdraw the scandalous motion and sham affidavit in support that they filed in the *Lindenbaum* Appeal.

### PRAYER FOR RELIEF:

For Expediency the Plaintiff waives his 7th Amendment Right to Jury Trial as to Counts 6 & 7

**Wherefore**, the Plaintiff respectfully prays that the Court would find Defendant liable to the Plaintiff for Damages under Counts 1 through 5 and schedule an Expedited Hearing on Counts 6 & 7 on an emergency basis [outside of the date of August 25, 2021].

Respectfully Submitted,

X _(signature)_       8-19-2021
Clinton Strange      Dated
Pro Se
7021 Winburn Drive
Greenwood, LA 71033
(318) 780-8890
StrangeC982@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

CLINTON STRANGE,

*Plaintiff*

v.

Ryan D. Watstein, Esq., et al.,

*Defendants*

## PLAINTIFF CLINTON STRANGE's DIVERSITY OF CITIZENSHIP AFFIDAVIT

Before me, the undersigned Notary Public for Caddo Parish, Louisiana personally appeared Clinton Strange, who after first being sworn did state as follows:

1. I am Clinton Strange.
2. I am over the age of 18.
3. I am the Plaintiff in the above captioned action.
4. I am a bonafide resident of Caddo Parish, Louisiana.
5. Since September 2015 my address has been 7021 Winburn Drive, Greenwood, Louisiana 71033 in the Fifth Ward.
6. Ryan D. Watstein, Esq. is a Georgia resident, and has no real property in Louisiana.
7. RDW 1984 VENTURES, INCORPORATED is a Georgia Profit Corporation, and has no real property in Louisiana.
8. Matthew A. Keilson, Esq. is a Georgia resident, and has no real property in Louisiana.
9. XYZ INSURANCE COMPANY is a resident of another state outside of Louisiana.
10. UVW INSURANCE COMPANY is a resident of another state outside of Louisiana.
11. KABAT CHAPMAN & OZMER LLP is a Georgia Limited Liability Partnership and has no real property in Louisiana.
12. The parties as referenced above are all completely diverse citizens of different states under 28 U.S. Code 1332.
13. All the foregoing statements are to the best of my knowledge true and correct and are made under the pains and penalties of perjury under the laws of the United States of America, the State of Ohio, and Louisiana.

Respectfully,

X _____
CLINTON STRANGE
(AFFIANT)

SWORN BEFORE ME AT CADDO PARISH, LA
ON THIS 19 DAY OF August, 2021

X _____
Notary Signature / Stamp / Seal
Nancy McBryde #27168

Notary Public
Parish of Caddo
Commission is for Life

Page 1 of 1